IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL BERRYMAN,**

      **Plaintiff,**

**v.**          //    CIVIL ACTION NO. 1:16CV63
                           (Judge Keeley)

**UNITED STATES OF AMERICA,**

      **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59], GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

On April 14, 2016, the pro se plaintiff, Michael Berryman ("Berryman"), filed a complaint against the defendant, the United States of America ("United States"), pursuant to the Federal Tort Claims Act ("FTCA") (Dkt. No. 1). Although he is currently incarcerated at Federal Correctional Institution, Butner, Berryman was housed at United States Penitentiary, Hazelton ("USP Hazelton"), in 2014 during the events at issue. Id. at 2.

According to his complaint, although Berryman had repeatedly importuned correctional officers at USP Hazelton to relocate him because his cellmate had threatened to kill him, they refused to do so. Id. at 11-14. Eventually, on May 8, 2014, as Berryman was sleeping, his cellmate allegedly stomped on him, rendering him unconscious, breaking his ribs, and causing herniated disks in his lower back. After correctional officers revived Berryman, they allegedly placed him in an observation cell with "paper clothing and sheets" for 11 days, and medical personnel failed to provide

**BERRYMAN V. USA**                                                  **1:16CV63**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59],
GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

proper treatment for his injuries during the rest of his time at USP Hazelton. Id. at 15.

According to Berryman, Bureau of Prisons ("BOP") staff violated his right to procedural due process regarding an institutional violation, deprived him of his "basic human needs" in violation of the Eighth Amendment, and committed medical malpractice by failing to document his injuries and refusing to treat him. Id. at 10, 16. Berryman seeks $1 million in compensatory damages for his serious injuries, pain, and suffering. Id. at 18. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred Berryman's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for initial review.

Following referral, Magistrate Judge Seibert granted Berryman's motion to proceed in forma pauperis (Dkt. No. 19) and later, deeming summary dismissal inappropriate, directed that service be made on the United States (Dkt. No. 30). After receiving an extension of time to answer, the United States moved to dismiss Berryman's complaint or, in the alternative, for summary judgment (Dkt. No. 41), arguing that Berryman's FTCA claim should be dismissed because he had not filed a certificate of merit with his medical malpractice claim, and BOP staff were not negligent when they responded to the incident and treated him (Dkt. No. 42). After

**BERRYMAN V. USA**                                                  **1:16CV63**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59],
GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

receiving an extension of time to respond to the United States's motion, Berryman argued that he could not adequately oppose the motion without conducting at least limited discovery (Dkt. No. 54).

In a Report and Recommendation ("R&R") entered on July 5, 2017, Magistrate Judge Seibert recommended that the Court grant the motion of the United States and dismiss Berryman's complaint for failure to state a claim upon which relief can be granted (Dkt. No. 59). Magistrate Judge Seibert concluded that, because Berryman's first and second claims focus on the intentional deprivation of his Fifth and Eighth Amendment rights, they fail to state a cause of action for negligence against the United States or its employees. Id. at 13. Such constitutional violations are not cognizable under the FTCA, but rather must be pursued in a civil rights action. Id. at 13-14.[1] Regarding his medical malpractice claim, the R&R concluded that Berryman had failed to comply with West Virginia's pre-suit statutory requirements for suing health care providers. Id. at 15.

The R&R also informed Berryman of his right to file "written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections." Id.

---

[1] Indeed, Berryman filed a separate Bivens action based on the same underlying facts asserted in this case (Civil No. 1:16cv47).

**BERRYMAN V. USA**                                               **1:16CV63**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59],
GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

at 20. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. The Court subsequently granted Berryman an extension of time until August 7, 2017, to file any objections (Dkt. No. 63). Now pending are Magistrate Judge Seibert's R&R, as well as Berryman's "Motion of Opposition" to its recommendations (Dkt. No. 65).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a

**BERRYMAN V. USA**                                                         **1:16CV63**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59],
GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, Berryman's "Motion of Opposition" fails to identify a specific error in Magistrate Judge Seibert's recommendations, and in fact contains only passing reference to the R&R. At most, Berryman reiterates the extent of his physical injuries and the alleged failure of BOP staff to provide appropriate treatment (Dkt. No. 65 at 1-2).

In addition, Berryman argues that granting summary judgment under Fed. R. Civ. P. 56 is inappropriate without first giving him the opportunity to conduct discovery and have access to a doctor outside the BOP. Id. at 1, 3. This argument simply fails to account for the R&R's recommendation of dismissal under Fed. R. Civ. P. 12(b)(6) rather than summary judgment under Fed. R. Civ. P. 56. The point is that despite having been given the opportunity to do so

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59], GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

Berryman did not object to the R&R's central finding that his complaint fails to state a claim for relief under the FTCA.

Berryman's failure to object to the R&R's recommended disposition places the Court under no obligation to conduct a <u>de novo</u> review. <u>Dellacirprete</u>, 479 F. Supp. 2d at 603-04. Therefore, upon review of the R&R and the record for clear error, the Court adopts the recommendation of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 59).

In conclusion, the Court:

1.  **ADOPTS** the R&R (Dkt. No. 59);

2.  **OVERRULES** Berryman's objections (Dkt. No. 65);

3.  **GRANTS** the United States's motion to dismiss or, in the alternative, for summary judgment (Dkt. No. 41);

4.  **DENIES AS MOOT** Berryman's motion for examination by an outside doctor (Dkt. No. 49);

5.  **DENIES AS MOOT** Berryman's motion seeking dismissal of the motion for summary judgment of the United States (Dkt. No. 54);

6.  **DISMISSES** the first and second claims in Berryman's complaint **WITH PREJUDICE** for failure to state a claim

**BERRYMAN V. USA** 1:16CV63

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 59], GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 41], AND DISMISSING THIS CASE**

under the Federal Tort Claims Act upon which relief can be granted (Dkt. No. 1); and

7. **DISMISSES** Berryman's medical malpractice claim **WITHOUT PREJUDICE** for failing to comply with West Virginia's pre-suit requirements for suing health care providers.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se plaintiff, certified mail and return receipt requested. The Clerk is further **DIRECTED** to enter a separate judgment order and to remove this case from the Court's active docket.

DATED: August 14, 2017.

    /s/ Irene M. Keeley
    IRENE M. KEELEY
    UNITED STATES DISTRICT JUDGE